UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN FONTE,                     :
                                :
    Plaintiff,                  :
                                :
V.                              :    Case No.  3:08-CV-972(RNC)
                                :
JOSE A. FELICIANO JR., et al.,  :
                                :
    Defendants.                 :

RULING AND ORDER

Petitioner, a native and citizen of Cuba, is serving a sentence in the custody of the Connecticut Department of Correction ("DOC"). He brings this action for a writ of habeas corpus against the warden of the correctional center where he is currently incarcerated, as well as the Attorney General of the United States and the Department of Homeland Security ("DHS"), challenging his continued incarceration after being voted to parole. Petitioner claims that DHS is violating his constitutional rights by refusing or neglecting to institute proceedings to remove him to Cuba. He seeks an order directing the federal respondents to remove him or, alternatively, a writ of habeas corpus requiring DOC to release him upon the posting of reasonable bail. For the reasons that follow, the petition is dismissed.

I. Background

In June 2000, petitioner was convicted in Connecticut

Superior Court of first degree manslaughter and possession of a firearm and sentenced to imprisonment for seventeen years. In July 2000, the Immigration and Naturalization Service lodged a detainer with DOC stating that petitioner was being investigated to determine if he should be removed from the United States. Fed. Resp't Resp. to Order to Show Cause, Ex. D. In April 2008, petitioner was granted parole effective on or after January 9, 2009. Pet. for Writ of Habeas Corpus, Ex. 1. In June 2008, petitioner's counsel informed DHS that petitioner had been granted parole and requested expedited removal. Id. at Ex. 2. Petitioner filed this petition on June 27, 2008.

II. Discussion

The relief petitioner seeks against the federal respondents - expedited removal to Cuba - is in the nature of mandamus relief. See Bell v. INS, 292 F.Supp.2d 370, 372 (D.Conn. 2003) ("A writ of mandamus is a petition to a court requesting an order to compel an officer or employee of the United States to perform a duty owed to the petitioner."). Mandamus relief is available only when the petitioner has a clear right to the relief sought, the respondent has a plainly defined duty to do the act in question, and no other adequate remedy is available. Id. DHS has no duty at the present time to institute removal proceedings against petitioner. See Duamutef v. INS, 386 F.3d 172, 180 (2d Cir. 2004).

2

Petitioner's alternative request for habeas relief is properly brought only against his immediate custodian, the respondent warden.  See Rumsfield v. Padilla, 542 U.S. 426, 434-35 (2004); see also Fernandez-Collado v. INS, 644 F.Supp. 741, 744 (D.Conn. 1986)(immigration detainer does not subject petitioner to custody of DHS).  The warden has moved to dismiss on the ground that petitioner has failed to exhaust state remedies as required by 28 U.S.C. § 2254(b)(1)(A).  See Ellman v. Davis, 42 F.3d 144, 147 (2d Cir. 1994) (federal habeas petition cannot be adjudicated on the merits until petitioner has exhausted remedies available in state court).  The petition itself states that this is the first application for relief petitioner has filed.  Pet. for Writ of Habeas Corpus ¶19.

III. Conclusion

Accordingly, the respondent warden's motion to dismiss [Doc. #9] is hereby granted and the petition is dismissed.  The Clerk will enter judgment and close the file.

So ordered this 6th day of November 2008.

          /s/ RNC
         Robert N. Chatigny
       United States District Judge